[S.F. No. 23419. Nov. 9, 1976.]

THOMAS J. FERRARA, Petitioner, v.
TERRENCE L. BELANGER, as City Clerk, etc., Respondent.

RAY RAND, Petitioner, v.
TERRENCE L. BELANGER, as City Clerk, etc., Respondent.

**COUNSEL**

John V. Trump, Angell, Adams & Holmes, John B. Dickson, Meis & O'Donnell and Jon Henry Kouba for Petitioners.

Anthony J. Garcia, City Attorney, for Respondent.

## OPINION

**TOBRINER, J.**—This case arises out of a controversy over the proper interpretation and application of various provisions of the Elections Code pertaining to the filing of "pro" and "con" ballot arguments in municipal initiative elections. Elections Code section 5013[1] provides generally that prior to municipal elections involving a ballot proposition the city clerk shall establish a deadline for the filing of ballot arguments "[b]ased on the time reasonably necessary to prepare and print the arguments and sample ballots for that particular election." Section 5012 provides, in turn, that "[t]he legislative body . . . or any individual voter or bona fide association of citizens . . . may file a written argument for or against any city measure" prior to such deadline.

In the instant case, however, the city clerk declined to follow the dictates of sections 5012 and 5013 because he interpreted a separate provision, section 4017, to establish a distinct, more restrictive procedure for the filing of ballot arguments as to municipal *initiative* measures. Section 4017 provides that "persons filing an initiative petition . . . may file with the petition a written argument in favor of the ordinance." The city clerk construed this language to preclude anyone other than the proponents of an initiative from ever filing a ballot argument in favor of an initiative measure and also to preclude proponents from filing a ballot argument at any time subsequent to the filing of their initiative petition, without regard to any reasonable deadline whatsoever.

Applying this interpretation of section 4017, the city clerk, without setting any deadline for the filing of ballot arguments, refused to accept for filing two "pro" ballot arguments submitted nearly two months prior to a forthcoming initiative election. A week after rejecting these two "pro" arguments, however, the city clerk accepted a ballot argument in opposition to the initiative measure filed by the city council; as the city clerk interpreted section 4017, the provision's strict time limitation for filing did not apply to opposition ballot arguments prepared by a legislative body. Thus, as a consequence of the clerk's construction of section 4017, although both "pro" and "con" ballot arguments had been submitted prior to any filing deadline, only the "con" ballot argument was mailed to the city's voters with the sample ballot prior to the election.

---

[1] Unless otherwise specified, all section references are to the Elections Code.

Petitioners (hereafter "plaintiffs") initiated the present mandamus proceedings to challenge the legality of the city clerk's actions. Although time limitations precluded our court from ruling on plaintiffs' claim prior to the imminent election, we nevertheless issued an alternative writ in this matter in order to consider the general, recurrent question presented as to the appropriate procedures that should be followed under similar circumstances in the future.

For the reasons discussed below, we have concluded that respondent (hereafter "defendant") city clerk erred in failing to follow the general procedural guidelines established by sections 5012 and 5013. As we explain, sections 5012 and 5013 constitute part of a separate article of the Elections Code that was specifically designed to establish a comprehensive procedure governing the filing of ballot arguments in municipal elections. This article applies broadly to all city measures submitted to the voters of a municipality, including initiative measures. Under its terms, plaintiffs' ballot arguments should have been accepted for filing.

Although the city clerk construed section 4017 as establishing more restrictive filing requirements for ballot arguments relating to initiative measures, we shall explain that both the statutory language and legislative history of the section refute the notion that section 4017 was intended to prescribe a rigid procedure under which the filing of ballot arguments in favor of initiative measures would be more severely circumscribed than the filing of ballot arguments in other contexts.

Moreover, we also point out that our conclusion in this regard is reinforced by defendant's failure to proffer any convincing rationale to justify the imposition of more rigid filing requirements for initiative measures than are imposed for other ballot measures. Because in this context different procedural restrictions may frequently affect the outcome of the electoral process, the unexplained differential treatment resulting under the city clerk's proposed interpretation of section 4017 would raise serious equal protection questions. We avoid such constitutional difficulties by our conclusion that the provisions of sections 5012 and 5013 govern the filing of ballot arguments as to initiative measures just as they do as to other municipal ballot propositions.

1. *Facts.*

On November 7, 1975, plaintiff Thomas Ferrara and four other individuals filed an initiative petition with defendant City Clerk of Union City, proposing the adoption of an ordinance permitting the establishment of "card clubs" at which the games of draw poker and panguingue could be played and wagered upon in accordance with California law. At the time the petition was filed, Union City's municipal code specifically prohibited the maintenance of such establishments. On December 5, 1975, one month after the petition was filed, the city clerk ascertained that the petition contained the requisite number of valid signatures and certified that the initiative measure would be placed before the voters at the upcoming March 2, 1976, election.

On January 5, 1976, nearly two months prior to the election, plaintiff Ferrara submitted to defendant a ballot argument in support of the initiative for distribution to the electorate with the sample ballot, but the city clerk refused to accept the ballot argument for filing. Three days later, plaintiff Ray Rand, who was not one of the initial proponents of the measure, submitted an identical ballot argument to defendant, who again refused to accept it for filing.

On January 12, 1976, one week after the proponents' ballot argument had been initially rejected, the City Council of Union City voted at a city council meeting to approve a proposed ballot argument against the initiative measure. The city council submitted this ballot argument to defendant city clerk, who accepted the argument for filing. Thereafter, the city clerk mailed to all registered voters a sample ballot and other election material containing a copy of the initiative and the city council's argument against the initiative, but no argument in its favor.

Plaintiffs filed separate petitions for a writ of mandate, objecting to the city clerk's actions and seeking an order which would compel the clerk to submit to the voters the ballot argument in favor of the initiative that the clerk had earlier rejected. Although plaintiffs pursued their judicial remedies with dispatch, by the time the consolidated proceeding reached this court insufficient time remained to render a decision prior to the March 2 election.

Viewing this case as presenting an important legal question under circumstances "capable of repetition, yet avoiding review" (*Moore* v. *Ogilvie* (1967) 394 U.S. 814, 816 [23 L.Ed.2d 1, 4-5, 89 S.Ct. 1493]; see, e.g., *In re William M.* (1970) 3 Cal.3d 16, 23-25 [89 Cal.Rptr. 33, 473 P.2d 737]), we issued an alternative writ of mandate to consider the general issues presented. As numerous recent decisions of this court make clear, the fact that the March 2 election has long been completed does not, under these circumstances, render the matter moot. (See, e.g., *Green* v. *Layton* (1975) 14 Cal.3d 922, 925 [123 Cal.Rptr. 97, 538 P.2d 225].) Accordingly, we turn at once to the question of the validity of the city clerk's interpretation of the relevant Elections Code provisions.

2. ▮▮▮ *Under Elections Code sections 5012 and 5013 plaintiffs' ballot arguments were properly and timely filed, and the city clerk erred in interpreting section 4017 as barring such filing.*

In ascertaining the appropriate interpretation and application of the various Elections Code provisions at issue here, we begin with an overview of the statutory framework in which the provisions appear. The provisions of the Election Code pertaining to ballot propositions and other measures submitted to the voters are contained in division 4 of the Elections Code, which is divided into four chapters: (1) state elections, (2) county elections, (3) municipal elections and (4) district elections.

Each of the first three chapters of division 4—dealing, respectively, with state, county and municipal elections—includes a separate article which prescribes a comprehensive procedure governing the filing of ballot arguments for such elections. (See §§ 3559-3574, 3780-3786, 5010-5014.)[2] Although some differences occur among the comprehensive state, county and municipal ballot argument procedures, the governing provisions in broad outline are quite similar. Thus, each of the chapters provides generally for the submission of ballot arguments by proponents and opponents of a measure, and additionally authorizes the submission of ballot arguments by other interested persons if the immediately concerned parties do not file an argument. (See §§ 3559-3563, 3783, 5012.) In the event of the submission of multiple ballot arguments for or against a measure, each chapter sets forth a priority listing to determine the selection of the ballot argument. (See §§ 3564, 3785, 5014.) Finally,

---

[2]Although there is no separate article of this nature in the chapter pertaining to district elections, section 3786 provides that in some circumstances the relevant article of the "county election" chapter is applicable to a district election called by the board of supervisors.

each chapter provides that ballot arguments must be filed prior to a deadline set with reference to the date of the election in question. (See §§ 3563, 3784, 5013. See also §§ 3527.3, 3527.4.)

The present case concerns a municipal election and thus chapter 3 of division 4 contains the relevant provisions. Article 4 of chapter 3, entitled "Arguments Concerning City Measures," sets forth statutory provisions, sections 5010 to 5014, prescribing comprehensive regulations to govern the filing of ballot arguments for "city measures"; the basic provisions of this article were initially enacted in 1957 in a single legislative bill. (Stats. 1957, ch. 805, § 1, p. 2017.) Plaintiffs in this case principally contend that under the comprehensive provisions of article 4 their ballot arguments were properly filed and should have been accepted by the clerk.

The statutory provisions sustain plaintiffs' contention. Section 5010, the initial provision of article 4, defines "city measure" broadly to include "any . . . question or proposition submitted to the voters of a city;"[3] defendant concedes that the initiative measure at issue in this case falls within this broad definition. Section 5012 goes on to provide that "[t]he legislative body . . . or any individual voter or bona fide association of citizens . . . may file a written argument for or against any city measure."[4] Section 5013 then states that "[b]ased on the time reasonably necessary to prepare and print the arguments and sample ballots for that particular election, the city clerk shall fix and determine a reasonable

---

[3]Section 5010 provides in full: "As used in this article, 'city measure' includes any proposed city charter, any proposed amendment to a city charter, any proposition for the issuance of bonds by the city, or any other question or proposition submitted to the voters of a city."

[4]Section 5012 provides in full: "The legislative body, or any member or members of the legislative body authorized by that body, or any individual voter or bona fide association of citizens, or any combination of voters and associations, may file a written argument for or against any city measure. No argument shall exceed 300 words in length. The city clerk shall cause an argument for and an argument against the measure to be printed along with the following statement on the front cover, or if none, on the heading of the first page, of the printed arguments: [¶] 'Arguments in support or opposition of the proposed laws are the opinions of the authors.' [¶] The city clerk shall enclose a copy of both arguments, printed on the same sheet of paper, in an envelope with each sample ballot; provided, that only those arguments filed pursuant to this section shall be printed and enclosed with the sample ballot. The printed arguments are 'official matter' within the meaning of those words used in Section 10012.' "

date prior to the election after which no arguments for or against any city measure may be submitted to him. . . ."[5]

In the instant case, the city clerk failed to fix any deadline whatsoever for the filing of ballot arguments. Inasmuch as one week after rejecting plaintiffs' ballot argument the city clerk accepted the city council's opposing ballot argument and was able to have it printed and distributed with the sample ballot, plaintiffs' arguments were submitted sufficiently in advance of the election to meet any reasonable deadline that might have been set; defendant does not contend otherwise. ▇ In addition, under section 5012 "any individual voter" may file a written argument for or against a city measure, and thus under that section both plaintiff Ferrara, a proponent of the initiative, and plaintiff Rand, a supporter but nonproponent of the measure, were entitled timely to file ballot arguments.[6] ▇ Hence, if sections 5012 and 5013 govern this case, the city clerk clearly should have accepted plaintiffs' ballot arguments for filing.

The city clerk refused to follow these statutory provisions, however, because he concluded that these provisions did not apply by virtue of sections 5011 and 4017. Section 5011, also contained in article 4 of chapter 3, provides that "[i]f a method is otherwise provided by general law, or, in the case of a chartered city, by charter or city ordinance, for submitting arguments as to a particular kind of city measure, that

---

[5]Section 5013 provides in full: "Based on the time reasonably necessary to prepare and print the arguments and sample ballots for that particular election, the city clerk shall fix and determine a reasonable date prior to the election after which no arguments for or against any city measure may be submitted to him for printing and distribution to the voters as provided in this article. Arguments may be changed until and including the date fixed by the city clerk, and arguments may be withdrawn by their proponents at any time prior to being printed."

[6]If different "pro" arguments had been filed, under section 5014 the ballot argument submitted by the proponent of the measure would have been submitted to the voters. Section 5014 provides in full: "If more than one argument for or more than one argument against any city measure is submitted to the city clerk within the time prescribed, the city clerk shall select one of the arguments in favor and one of the arguments against the measure for printing and distribution to the voters. In selecting the argument the city clerk shall give preference and priority in the order named to the arguments of the following:

"(a) The legislative body, or member or members of the legislative body authorized by that body.

"(b) The individual voter or bona fide association of citizens, or combination of voters and associations, who are the bona fide sponsors or proponents of the measure.

"(c) Bona fide associations of citizens.

"(d) Individual voters."

method shall control."[7] Section 4017 states that "[t]he persons filing an initiative petition pursuant to this article may file with the petition a written argument in favor of the ordinance, and the legislative body may submit an argument against the ordinance."[8]

The city clerk construed section 4017 as prescribing the exclusive "method" for filing ballot arguments with respect to municipal initiative measures. Since the section provides simply that *"persons filing an initiative petition . . . may file with the petition* a written argument in favor of the ordinance" (italics added), the city clerk interpreted the section as barring anyone but a proponent of the measure from ever filing a ballot argument in its favor, and also as barring the proponents of the measure from filing an argument at any time other than "with the [initiative] petition." Although recognizing that such strict procedural requirements were at variance with the procedures established in sections 5012 and 5013, the clerk concluded that under section 5011 he was required to follow the strict requirements of section 4017.

The flaw in the city clerk's reasoning rests fundamentally in his misinterpretation of section 4017. As we explain, both the language and legislative history of section 4017 refute the city clerk's interpretation.

■ To begin with, the section is written entirely in permissive language, providing simply that "persons filing an initiative petition . . . *may* file with the petition a written argument." The section nowhere provides that a failure to file a ballot argument at the very outset of the initiative process necessarily precludes a proponent from thereafter filing a ballot argument. Similarly, the section contains no language prohibiting a nonproponent from filing a ballot argument in favor of the measure. Accordingly, from the statutory phraseology itself, the section

---

[7] Section 5011 provides in full: "If there is no other method provided by general law, or, in the case of a chartered city, by the charter or by city ordinance, arguments for and against any city measure may be submitted to the qualified electors of the city pursuant to this article. If a method is otherwise provided by general law, or, in the case of a chartered city, by charter or city ordinance, for submitting arguments as to a particular kind of city measure, that method shall control."

[8] Section 4017 provides in full: "The persons filing an initiative petition pursuant to this article may file with the petition a written argument in favor of the ordinance, and the legislative body may submit an argument against the ordinance. Neither argument shall exceed 300 words in length, and both arguments shall be printed upon the same sheet of paper and mailed to each voter with the sample ballot for the election. [¶] The following statement shall be printed on the front cover, or if none, on the heading of the first page, of the printed arguments: 'Arguments in support or opposition of the proposed laws are the opinions of the authors.' "

appears simply to constitute an authorizing provision, establishing the right of an initiative proponent to file a ballot argument in its favor.

The legislative history of the provision confirms this reading. Section 4017 derives directly from the original initiative legislation of 1911 (Stats. 1911, Ex. Sess., ch. 33, § 1, p. 133),[9] legislation enacted as part of the broad Progressive reform movement which introduced direct legislation into California law. (See Crouch, The Initiative and Referendum in Cal. (1950) pp. 3-4.) The 1911 legislation, of course, was not intended narrowly to circumscribe the initiative power by creating rigid procedural obstacles to its complete implementation, but rather was designed to establish a system under which the initiative process might have its fullest play. In this vein, the 1911 legislation specifically provided that: "All the provisions of this statute are to be liberally construed for the purpose of ascertaining and enforcing the will of the electors." (Stats. 1911, Ex. Sess., ch. 33, § 1, p. 133.)

In the present context, the statutory command of a "liberal construction" clearly dictates that section 4017 not be interpreted so as to create rigid procedural barriers preventing the filing of ballot arguments in favor of initiative measures. As this court recognized in *Hart* v. *Jordan* (1939) 14 Cal.2d 288, 292 [94 P.2d 808], "[t]he essential purpose of [ballot argument] provisions is to give the voters information concerning the measures on the ballot." Such purpose is not served by interpreting section 4017 in such a fashion that a minor lapse by the proponents of a measure at the very outset of the initiative process will completely preclude the voters from receiving any argument in support of the initiative measure with the sample ballot.

As already noted, the Legislature has recognized that to fulfill the lofty purposes of the intiative process voters must have the benefit of both "pro" and "con" ballot arguments in reaching a decision as to how they will cast their votes. To achieve this goal, all of the comprehensive ballot argument procedures afford those who support a measure, but who are not formal proponents, an opportunity to submit a ballot argument in

---

[9]The portion of the 1911 legislation corresponding to present section 4017 reads: "If any measure be submitted upon an initiative petition of registered voters, as hereinbefore provided, the persons filing said petition shall have the right, if they so choose, to present and file therewith a written argument in support thereof not exceeding three hundred words in length, which argument shall be printed upon the sample ballot issued for said election. Upon the same ballot shall also be printed any argument of not exceeding 300 words in length in opposition thereto which may be prepared by the legislative body."

the event that the proponents of the measure fail to do so. Nothing in either the history or language of section 4017 remotely suggests that the Legislature, in adopting the broad initiative reforms in 1911, intended to preclude such input into the initiative process.

Moreover, although the state can clearly claim a legitimate, indeed compelling, interest in requiring that ballot arguments be submitted sufficiently before an election to afford election officials a reasonable time to print and distribute the arguments, the city clerk's interpretation of section 4017 is not necessary to fulfill that goal. As we have observed, section 5013 is specifically designed to achieve the state's interest in this regard in that it directs the city clerk to set a deadline for ballot arguments "based on the time reasonably necessary to prepare and print the arguments and sample ballots for that particular election." Given this explicit statutory procedure, section 4017 should not be interpreted to permit the filing of ballot arguments in favor of initiatives *only* if such arguments are filed at the same time as the initiative petition itself.

 Thus, we conclude that both the statutory language and the legislative history of section 4017 demonstrate that the provision was never intended to erect additional obstacles to the filing of ballot arguments in favor of initiative measures.[10]

Furthermore, our conclusion in this regard is reinforced by the fact that a contrary interpretation of section 4017 would raise a number of serious constitutional questions. First, although the city clerk contends that by virtue of section 4017 the Legislature intended to provide two distinct procedures for the filing of ballot arguments in municipal elections—one applicable to initiative measures and another applicable to other city measures—the city clerk has proffered no rationale whatsoever to justify this disparate treatment of basically similar electoral matters. Because strict procedural restrictions on the filing of ballot arguments could frequently have a " 'real and appreciable impact' on the equality, fairness and integrity of the electoral process" (*Gould* v. *Grubb* (1975) 14 Cal.3d 661, 670 [122 Cal.Rptr. 377, 536 P.2d 1337]), the

---

[10]As an affidavit included in the present record reveals, our interpretation of section 4017 coincides with the interpretation of the section rendered by the general counsel to the Secretary of State, California's "Chief Elections Officer." (See Gov. Code, § 12172.) Although an opinion by the Attorney General (58 Ops. Cal.Atty.Gen. 471 (1975)) reached a contrary conclusion in interpreting comparable statutory provisions relating to the filing of ballot arguments for county referenda, that opinion is not persuasive because it fails to consider either the legislative history or legislative purpose of the relevant statutory provisions.

differential treatment urged by the city clerk would present very serious, perhaps fatal, equal protection problems. (*Id.*) Moreover, because under the city clerk's interpretation of section 4017 rigid procedural limitations would be imposed upon proponents and supporters of an initiative measure but would not be imposed upon opponents of the measure, such a construction would raise the additional question of whether the state had violated its constitutional duty to maintain impartiality in electoral matters. (Cf. *Stanson* v. *Mott* (1976) 17 Cal.3d 206, 217-219 [130 Cal.Rptr. 697, 551 P.2d 1]; *Gould* v. *Grubb, supra,* 14 Cal.3d 661, 673; *Rees* v. *Layton* (1970) 6 Cal.App.3d 815, 823 [86 Cal.Rptr. 268].)

We need not reach these constitutional questions in the present case, however, for, as already explained, section 4017 in our view was never intended to make the filing of ballot arguments in favor of initiative measures more difficult and frustrating than the filing of ballot arguments on other propositions submitted to the electorate. Only a strained reading of the Elections Code will yield the capricious result, urged by the city clerk here, that the arguments *against* the city measure will be printed and distributed to the voters with the sample ballots, but the arguments *for* the measure will not be. Surely the provisions of sections 5012 and 5013, applying to all city measures, providing for reasonable times for the submission of arguments pro and con, apply to this city measure. The whole purpose of the procedures as to ballot arguments is to give voters a plenary opportunity to weigh the arguments on *both* sides of the question. To erect arbitrary barriers to such presentation is to thwart that purpose.

The alternative writ, having served its purpose, is discharged and the peremptory writ is denied. Plaintiffs shall recover costs.

Wright, C. J., Sullivan, J., Clark, J., and Richardson, J., concurred.

**MOSK, J.**—I concur in denying the writ, but disagree with the opinion of the majority.

We are here called upon to construe a portion of section 4017 of the Elections Code, which provides for the manner and timing of filing ballot arguments for and against municipal initiative ordinances. Two issues are presented: first, whether the statute requires that any proposed ballot arguments in favor of a municipal initiative measure be filed simultaneously with the filing of the initiative petition; and secondly,

whether only proponents of the measure are permitted to submit such arguments. I would answer each question in the affirmative.

On November 7, 1975, an initiative petition signed by the required number of voters was filed by its five proponents with respondent City Clerk of Union City. If approved by the voters, the initiative would have permitted "card clubs" in which the gambling games of draw poker and panguingue could be played and wagered upon. The initiative was to be voted on at the March 2, 1976, municipal election.

On January 5, 1976, petitioner Ferrara, a proponent of the initiative, presented the city clerk with an argument in support of the measure for inclusion in the sample ballot, but the clerk, upon advice of the city attorney, refused to accept it. On January 8 petitioner Rand, not one of the five proponents, submitted an identical argument to the city clerk, who again rejected it. Four days later the City Council of Union City approved an argument against the gambling initiative which respondent clerk was instructed to print and distribute.

Section 4017 provides in relevant part: "The persons filing an initiative petition pursuant to this article *may file with the petition* a written argument in favor of the ordinance, and the legislative body may submit an argument against the ordinance. Neither argument shall exceed 300 words in length . . . ." (Italics added.) Respondent city clerk construes section 4017 to require that an argument in support of an initiative petition be filed at the same time as the petition, and not later. Respondent also refused to accept petitioner Rand's argument on the ground that only proponents—"persons filing an initiative petition"—are entitled to submit arguments supporting municipal initiative measures.

The majority rely upon section 5013 of the Elections Code, which requires that respondent "fix and determine a reasonable date prior to the election after which no arguments for or against any city measure may be submitted," the deadline to be set by the city clerk and to be "Based on the time reasonably necessary to prepare and print the arguments and sample ballots for that particular election."

Section 5013 does not control the present case. It is included in article 4 of chapter 3, division 4, of the Elections Code. Although article 4 deals with arguments concerning "city measures," its application is limited by section 5011, which provides in pertinent part that "If a method is

otherwise provided by general law . . . for submitting arguments as to a particular kind of city measure, that method shall control." Because section 4017 includes such a "method . . . otherwise provided by general law," it manifestly prevails over section 5013.

The majority also assert that section 4017 imposes no specific time limit for the filing of ballot arguments. They emphasize that section 4017 is couched in the permissive "may" and not the mandatory "must"; from this they infer that the statutory language, "may file with the petition," permits proponents to submit ballot arguments at the time of filing if they choose, but does not prohibit the filing of arguments at a later date. Finally, it is urged that in the absence of a specific deadline for filing arguments, the statute implies a reasonable time limitation consistent with ballot printing and distribution requirements.

In my view, section 4017 does set a specific time for the filing of arguments in favor of a municipal initiative measure. Though perhaps inartfully drafted, the statute means that the proponents of such a measure "may file"—or may not, as they choose—an argument in its favor; but that if they do choose to present an argument, they must file it "with the petition"—i.e., at the same time as the petition is filed. This construction gives effect to all portions of the statute, and is consistent with the analysis of the Attorney General in a recent opinion construing Elections Code section 3715. (58 Ops.Cal.Atty.Gen. 471 (1975).) That section governs the filing of arguments for county initiative ordinances, and its language is identical to that of section 4017.

In addition, an examination of similar sections of the Elections Code demonstrates that when the Legislature chooses to extend the period of time for filing ballot arguments, it does so expressly. At least three other statutes regulating initiatives specifically provide that filing dates for submission of arguments shall be fixed by appropriate officials with regard to the time reasonably necessary to print and distribute the ballots. As noted above, section 5013 requires the city clerk to fix such a date "Based on the time reasonably necessary to prepare and print the arguments and sample ballots for that particular election." Section 3527.3, governing initiative measures proposed by the Legislature, declares that arguments must be submitted "no later than a date to be designated by the Secretary of State." Similarly, section 3563 provides that arguments relating to state initiative measures may be submitted "at any time within the time limit [fixed by the Secretary of State]." The

Legislature's failure to specify a like extended time frame in section 4017 must be deemed deliberate and significant, as it is with regard to sections 3715 and 5157, which prescribe initiative procedures for elections in counties and special districts, in language virtually identical to section 4017.

The majority further hold that as a registered voter of Union City petitioner Rand, a nonproponent, was entitled to file an argument in his own right pursuant to a different provision of the code, section 5012. That section permits, inter alia, "any individual voter" to "file a written argument for or against any city measure." It is asserted that Rand has the right to file under section 5012 because he is an "individual voter."

In my view the provisions of article 1 of chapter 3, division 4, of the code (i.e., §§ 4000-4023) establish the exclusive method for filing arguments concerning municipal initiative measures in general law cities. The legislative intent that article 1 alone control this matter can reasonably be inferred from an examination of the statutory scheme as a whole. Indeed, Rand's interpretation would hopelessly complicate the administration of the procedures here in issue. For example, the city clerk would be required to enforce two distinct filing dates for arguments favoring a measure; and nonproponents could change and withdraw their arguments until the deadline fixed by the city clerk (§ 5013), while proponents could not do so. Such an irrational result could not have been intended by the Legislature when it enacted section 5012. A comparison of article 1 of chapter 3, division 4, with article 4 thereof confirms this conclusion. Article 1 contains no provision directing the clerk to choose among several filed arguments. In contrast, section 5014 sets forth guidelines for the selection of one among the multiple arguments authorized by sections 5012 and 5013. The clear implication is that the Legislature intended that section 4017 permit only one argument favoring a municipal initiative measure. This argument is the one submitted by the proponents at the time they file their petition. Certainly it is more rational to permit the proponents to advance the argument for their initiative rather than an individual voter who is likely to be less familiar with its merits.

Though an addition was enacted in 1971, the substance of section 4017 has been unchanged by the Legislature since 1961, while the other cited sections have been amended several times. I interpret this to indicate an intent to retain the vitality of section 4017. However if, as the majority

imply, an ambiguous legislative scheme is attributable to oversight, it is to be hoped that there will be future legislative clarification. The task of rewriting the statute is not ours.

I would conclude that section 4017 alone controls the present case, and that it extends the right to file ballot arguments supporting a measure only to proponents when they file their petition.

McComb, J., concurred.