Filed 12/1/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID C. EBLOVI,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>JESSICA BLAIR, as City Clerk, etc.,<br><br>　　　Defendant and Respondent;<br><br>ALLAN ALIFANO,<br><br>　　　Real Party in Interest and Respondent. | A148275<br><br>(San Mateo County<br>Super. Ct. No. CIV538012) |

By this appeal, David C. Eblovi seeks interpretation of Elections Code[1] section 9282, subdivision (a), which reads, "For measures placed on the ballot by petition, the persons filing an initiative petition pursuant to this article may file a written argument in favor of the ordinance, and the legislative body may submit an argument against the ordinance." He contends this provision prohibits anyone other than "the persons filing an initiative petition" from submitting arguments in favor of a municipal initiative measure and prohibits anyone other than "the legislative body" from submitting arguments in opposition to an initiative measure. The trial court rejected Eblovi's restrictive reading of section 9282, subdivision (a) and concluded that the statute should be interpreted as permissive, expressly authorizing participation by the identified parties but not restricting participation by other unnamed people or entities. In so doing, the court denied Eblovi's petition seeking to compel removal from the ballot pamphlet of an argument submitted by real party in interest against a measure authored by Eblovi and placed on the local

---

[1] All statutory references are to the Elections Code.

1

ballot by petition.[2] We agree with the trial court's interpretation and therefore shall affirm the judgment.

## Background

Eblovi was a proponent of a citizen-sponsored initiative appearing on the City of Half Moon Bay June 7, 2016 ballot as Measure F. On April 1, 2016, Eblovi filed a petition for writ of mandate seeking an order directing Jessica Blair, as interim Clerk of the City of Half Moon Bay, "to strike Real Parties' 'Primary Argument Against Measure F' and 'Rebuttal to Argument in Favor of Measure F.' " The petition alleged that because Measure F was placed on the June 7, 2016 ballot by petition, under section 9282, subdivision (a), only the city council had authority to submit an argument against the ballot measure. He argued that the ballot arguments submitted by real parties, described in the petition as "an ad-hoc group of five electors," should be stricken on the ground that their inclusion would violate section 9282, subdivision (a).

Following a hearing on April 14, 2016, the court denied Eblovi's petition. With respect to the proper interpretation of section 9282, the court explained, "My reading of the cases and code would suggest that the law in this area should be interpreted liberally, not restrictively, because we are dealing with . . . constitutionally protected freedom of speech, and certainly a right to a fair election. . . . [¶] [T]he proper reading of 9282(a) . . . is one of permissive participation in the electoral process, not restrictive participation, and consequently I would read that section as being permissive, not restrictive, allowing a city to participate in an election in this context, if they chose to, not restricting the rights of private citizen to participate in the election."

Eblovi filed a timely notice of appeal.

---

[2] Eblovi's petition for writ of mandate also alleged that statements made in the proposed ballot arguments were false and misleading and in the alternative sought to compel the deletion of those statements. These claims were rejected by the trial court and are not at issue on appeal.

**Discussion**

Initially, we note that although a writ of mandate would now provide no relief for Eblovi because the election has already occurred, "disputes concerning election procedures are properly reviewable by an appellate court even though the particular election in question has already taken place . . . since the issues raised are of general public interest, and are likely to occur in future elections in a manner evasive of timely appellate review." (*Gebert v. Patterson* (1986) 186 Cal.App.3d 868, 872.)

Eblovi contends, "The plain language literal interpretation and 'usual and ordinary' meaning of the words found in section 9282 are not only unambiguous; they lead only to a single possible conclusion about the intent of the legislature." He argues that there is "no possible legal or logical interpretation" of section 9282, subdivision (a) "that leads anywhere other than the obvious conclusion that the 'persons filing the petition' 'may' 'file a written argument,' and as a consequence no one else 'may' do so." We disagree.

In *Ferrara v. Belanger* (1976) 18 Cal.3d 253 (*Ferrara*), the California Supreme Court rejected a similarly restrictive interpretation of the predecessor statute to section 9282. In *Ferrara*, the court interpreted "various provisions of the Elections Code pertaining to the filing of 'pro' and 'con' ballot arguments in municipal initiative elections." (*Ferrara*, p. 256.) The three provisions of the Elections Code at issue were (as they read in 1976): Section 5012, which provided in relevant part that " '[t]he legislative body, or any member or members of the legislative body authorized by that body, or any individual voter or bona fide association of citizens, or any combination of voters and associations, may file a written argument for or against any city measure' " (*Ferrara*, p. 261, fn. 4); section 5013 which set a deadline for the filing of ballot arguments for city measures (*Ferrara*, p. 261, fn. 5); and section 4017 which provided in relevant part that " '[t]he persons filing an initiative petition pursuant to this article may file with the

3

petition a written argument in favor of the ordinance, and the legislative body may submit an argument against the ordinance' "[3] (*Ferrara*, p. 262, fn. 8).

In *Ferrara*, the city clerk refused to accept arguments submitted in support of an initiative measure because he concluded that the general provisions of sections 5012 and 5013 were superseded by section 4017, which in his interpretation provided a distinct, more restrictive procedure for the filing of ballot arguments as to initiative measures. The clerk construed section 4017 "to preclude anyone other than the proponents of an initiative from ever filing a ballot argument in favor of an initiative measure and also to preclude proponents from filing a ballot argument at any time subsequent to the filing of their initiative petition." (*Ferrara*, *supra*, 18 Cal.3d at p. 256.) The court rejected this interpretation and concluded that the clerk erred in failing to follow the general procedural guidelines for ballot measures found in section 5012 and 5013.

With respect to the interpretation of section 4017, the court stated, "The flaw in the city clerk's reasoning rests fundamentally in his misinterpretation of section 4017. As we explain, both the language and legislative history of section 4017 refute the city clerk's interpretation. [¶] To begin with, the section is written entirely in permissive language, providing simply that 'persons filing an initiative petition . . . *may* file with the petition a written argument.' The section nowhere provides that a failure to file a ballot argument at the very outset of the initiative process necessarily precludes a proponent from thereafter filing a ballot argument. Similarly, the section contains no language prohibiting a nonproponent from filing a ballot argument in favor of the measure. Accordingly, from the statutory phraseology itself, the section appears simply to

---

[3] Section 4017 then provided in full: " 'The persons filing an initiative petition pursuant to this article may file with the petition a written argument in favor of the ordinance, and the legislative body may submit an argument against the ordinance. Neither argument shall exceed 300 words in length, and both arguments shall be printed upon the same sheet of paper and mailed to each voter with the sample ballot for the election. [¶] The following statement shall be printed on the front cover, or if none, on the heading of the first page, of the printed arguments: "Arguments in support or opposition of the proposed laws are the opinions of the authors." ' " (*Ferrara, supra,* 18 Cal.3d at p. 262, fn. 8.)

constitute an authorizing provision, establishing the right of an initiative proponent to file a ballot argument in its favor. [¶] The legislative history of the provision confirms this reading. Section 4017 derives directly from the original initiative legislation of 1911 (Stats. 1911, Ex. Sess., ch. 33, § 1, p. 133), legislation enacted as part of the broad Progressive reform movement which introduced direct legislation into California law. [Citation.] The 1911 legislation, of course, was not intended narrowly to circumscribe the initiative power by creating rigid procedural obstacles to its complete implementation, but rather was designed to establish a system under which the initiative process might have its fullest play. In this vein, the 1911 legislation specifically provided that: 'All the provisions of this statute are to be liberally construed for the purpose of ascertaining and enforcing the will of the electors.' (Stats. 1911, Ex. Sess., ch. 33, § 1, p. 133.)" (*Ferrara*, *supra*, 18 Cal.3d at pp. 262-263.)[4]

Contrary to Eblovi's arguments, no amendment to the Elections Code has altered the permissive interpretation assigned to this language in 1976. In 1994, the Elections Code was repealed and reorganized. (Stats. 1994, ch. 920, § 1, p. 4690.) With inconsequential changes, the language of section 5012 was reenacted as section 9282, which provided in relevant part as follows: "The legislative body, or any member or members of the legislative body authorized by that body, or any individual voter who is

_____

[4] The court recognized the "serious constitutional questions" avoided by this interpretation. (*Ferrara*, *supra*, 18 Cal.3d at p. 264.) The court explained, "First, although the city clerk contends that by virtue of section 4017 the Legislature intended to provide two distinct procedures for the filing of ballot arguments in municipal elections—one applicable to initiative measures and another applicable to other city measures—the city clerk has proffered no rationale whatsoever to justify this disparate treatment of basically similar electoral matters. Because strict procedural restrictions on the filing of ballot arguments could frequently have a 'real and appreciable impact on the equality, fairness and integrity of the electoral process' [citation], the differential treatment urged by the city clerk would present very serious, perhaps fatal, equal protection problems. [Citation.] Moreover, because under the city clerk's interpretation of section 4017 rigid procedural limitations would be imposed upon proponents and supporters of an initiative measure but would not be imposed upon opponents of the measure, such a construction would raise the additional question of whether the state had violated its constitutional duty to maintain impartiality in electoral matters." (*Ferrara*, pp. 264-265.)

5

eligible to vote on the measure, or bona fide association of citizens, or any combination of voters and associations, may file a written argument for or against any city measure." (Stats. 1994, ch. 920, § 2, p. 4952.) Section 4017 was reenacted as Section 9219, which provided "The persons filing an initiative petition pursuant to this article may file a written argument in favor of the ordinance, and the legislative body may submit an argument against the ordinance."[5] (Stats. 1994, ch. 920, § 2, p. 4945.) The Legislative Counsel's Digest for the 1994 amendment states quite clearly that the bill was intended "to reorganize and clarify the Elections Code and thereby facilitate its administration" and reflects "the Legislature's intent that the changes made to the Elections Code . . . have only technical and nonsubstantive effect." (Legis. Counsel's Dig., Sen. Bill No. 1547 (1993-1994 Reg. Sess.) Stats. 1994, Summary Dig.)

In 2006, the provisions of the Election Code pertaining to arguments for and against city ballot measures were amended again. (Stats. 2006, ch. 508, §§ 2-3, 4, p. 3707.) The Legislative Counsel's Digest explains, "Existing law authorizes persons filing an initiative petition in a municipal election to file a written argument in favor of the ordinance and provides that the legislative body may submit an argument against the ordinance pursuant to specified procedures. Existing law also provides that the persons filing the initiative petition may prepare and submit a rebuttal argument not exceeding 250 words and that the legislative body may prepare and submit a rebuttal to the argument in favor of the ordinance not exceeding 250 words pursuant to specified procedures. [¶] This bill would delete these provisions and recast them to provide that persons filing the initiative petition may file a written argument in favor of the ordinance, and the legislative body may submit an argument against the ordinance not exceeding 300 words and that, for measures placed on the ballot by the legislative body, the

---

[5] Section 9220, also enacted in 1994, provided: "If the legislative body submits an argument against the ordinance, it shall immediately send copies of the argument to the persons filing the initiative petition. The persons filing the initiative petition may prepare and submit a rebuttal argument not exceeding 250 words. The legislative body may prepare and submit a rebuttal to the argument in favor of the ordinance not exceeding 250 words." (Stats. 1994, ch. 920, § 2, p. 4945.)

6

legislative body may file a written argument for or against any city measure." (Legis. Counsel's Dig., Assem. Bill No. 3062 (2005-2006 Reg. Sess.) Stats. 2006, Summary Dig.) According to the Senate committee report, the amendment merely "combines each set of two code sections into one section to reduce the potential for confusion and streamline the code." (Sen. Com. on Elections, Reapportionment and Constitutional Amendments, Analysis of Assem. Bill No. 3062 (2005-2006 Reg. Sess.) June 21, 2006; see also Assem. Com. of Appropriations, Analysis of Assem. Bill No. 3062 (2005-2006 Reg. Sess.) May 3, 2006 [describing the bill as containing "multiple minor and technical changes to the Elections Code."].)

As noted, in 2006 former sections 9219 and 9220 were repealed (Stats. 2006, ch. 508, §§ 2-3, p. 3707) and section 9282 was amended to read, "(a) For measures placed on the ballot by petition, the persons filing an initiative petition pursuant to this article may file a written argument in favor of the ordinance, and the legislative body may submit an argument against the ordinance. [¶] (b) For measures placed on the ballot by the legislative body, the legislative body, or any member or members of the legislative body authorized by that body, or any individual voter who is eligible to vote on the measure, or bona fide association of citizens, or any combination of voters and associations, may file a written argument for or against any city measure." (Stats. 2006, ch. 508, § 4, p. 3707.) The legislative history contains no suggestion that any amendment was intended to modify the permissive meaning of these provisions or to restrict the right of others to file arguments supporting or opposing a ballot measure.

Given the long standing interpretation of the permissive meaning of "may" in this context, we must conclude the Legislature intended to retain the interpretation of these provisions as permissive and not restrictive. As noted in *Ferrara*, this interpretation avoids serious constitutional issues that would arise with any other interpretation.

## Disposition

The judgment is affirmed.

7

_____

Pollak, Acting P.J.

We concur:


_____

Siggins, J.


_____

Jenkins, J.


A148275

8

Trial court: San Mateo County Superior Court

Trial judge: Honorable George Miram

Counsel for plaintiff and appellant: David C. Eblovi, in Propria Persona

Counsel defendant and respondent: ATCHISON, BARISON, CONDOTTI & KOVACEVICH. Anthony P. Condotti and Reed W. Gallogly

Counsel for real party in interest and respondent: THE SUTTON LAW FIRM, PC, Bradley, W. Hertz, James R. Sutton, and Jonathan S. Mintzer

A148275