[L. A. No. 15344. In Bank.—November 26, 1935.]

CORWIN A. TOWNSEND, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Corwin A. Townsend, *in pro. per.,* for Petitioner.

Philbrick McCoy for Respondent.

WASTE, C. J.—The respondent State Bar of California has recommended to this court that petitioner be suspended from the practice of the law for a period of six months because of his alleged violation of the provisions of section 287 of the Code of Civil Procedure.

It appears that petitioner was admitted to practice in all the courts of this state on May 23, 1921. On September 30,

1930, he was suspended from the practice for a period of one year for a violation of subdivision 4 of section 287, *supra,* in that, being an attorney at law, he loaned his name to be used as attorney and counselor by other persons who were not licensed attorneys. (*Townsend* v. *State Bar,* 210 Cal. 362 [291 Pac. 837].) The suspension terminated September 30, 1931. In 1932 the petitioner was a candidate for election to the Superior Court in and for the County of Los Angeles. In conformity with section 5 of the Direct Primary Law (Stats. 1913, p. 1379, and amendments thereto), petitioner on June 14, 1932, within a year of the termination of his suspension, filed his sworn declaration of candidacy wherein, as required, he described his "occupation for the past three years" as follows: "Practice of Law. I was admitted to practice as an attorney and counselor in all the courts of California, at a session of the District Court of Appeal, on the 23rd day of May, 1921, and have ever since been in active practice thereunder and thereby." Petitioner was not elected. Two years later he again announced his candidacy for the same office. In support thereof he filed his sworn declaration of candidacy on June 22, 1934, within three years of the termination of his suspension from the practice. This latter declaration is identical with the former one in its description of petitioner's "occupation for the past three years".

These sworn statements wherein petitioner described his occupation for the preceding three years as that of an attorney engaged in active practice of the law, when, in fact, he had been under suspension for a portion of the time, constitute the bases upon which this disciplinary proceeding is founded.

At the hearing before the local administrative committee the petitioner, in effect, conceded that the statements were "rash and inconsiderate" and the product of slight consideration. He contended, however, that throughout the period of his suspension he had appeared in court upon numerous occasions *in propria persona.* He urged that in making the above quoted statement in each of his declarations of candidacy he "didn't intend to state and I didn't state I was practicing as an attorney. I meant I was practicing with such ability as I had. I was functioning before the courts . . . "

At the conclusion of the hearing the committee found, among other things, that the statements were false and that petitioner should have known of their falsity; that it was not the intention of petitioner to deceive the registrar of voters or persons entitled to inspect and rely upon the statements; that petitioner sincerely claimed it was his honest opinion in making oath to the statements that he was not making statements which he considered to be untrue; that he sincerely contended that the words "active practice" were intended to refer to his experience in the law and that he considered the year of his suspension in which he practiced law in his own proper person had contributed to his experience as an active lawyer; that while these claims of petitioner have little merit they were advanced in good faith; and that the petitioner did not intentionally perjure himself in subscribing to the declarations of candidacy. However, in view of the finding that the statements were false and that petitioner should have known of their falsity, the committee recommended that petitioner be given a private reprimand.

The Board of Governors rejected these findings and found that the statements as to petitioner's occupation were false and "made with intent to deceive" the registrar of voters and all persons entitled to rely thereon. The board thereupon recommended to this court that petitioner be suspended from the practice for six months.

We are not impressed with petitioner's attempt to explain away the falsity of his statement upon the ground that it was "rash and inconsiderate" and the product of slight consideration. The fact that the statement was repeated, under oath, after an interval of approximately two years militates against such a defense. Under the circumstances, the finding of the board that the false statement was "made with intent to deceive" the registrar of voters and all persons entitled to rely thereon is reasonably warranted by the record.

In accordance with the recommendation of the board, petitioner is hereby suspended from the practice of the law in all the courts of this state for a period of six months, effective thirty days from and after the filing of this opinion.

Thompson, J., Shenk, J., Seawell, J., Conrey, J., Curtis, J., and Langdon, J., concurred.