CURTIS, J.
 

 This is a proceeding to review an order of the Board of Governors of The State Bar, adopting the findings of one of its local administrative committees, and recommending to this court that petitioner be disbarred from further practice of law in this state.
 

 We have examined the record with care, and are satisfied that the evidence adduced at the hearing before the local administrative committee is sufficient to support the findings
 
 *214
 
 of said committee and to justify its conclusion that petitioner has been guilty of conduct involving moral turpitude and should be disbarred. The gravamen of the charge against petitioner is that he made a false statement in a sworn declaration of candidacy for the office of judge of the Superior Court of Los Angeles County, to the effect that his occupation for the past three years had been that of practicing lawyer whereas in fact he was then and had been under suspension for almost five months prior thereto. Petitioner was admitted to practice in California in 1927 upon motion, having previously practiced in Illinois and Texas. On December 23, 1935, by order of this court, petitioner was suspended from practice for a period of three years upon two separate charges, said suspension to commence thirty days from the date of the filing of said order of suspension.
 
 (Johnson
 
 v.
 
 State Bar,
 
 4 Cal. (2d) 744 [52 Pac. (2d) 928].) On June 20, 1936, the petitioner presented to the registrar of voters in the county of Los Angeles his sworn declaration of candidacy for the nomination to the office of superior judge of Los Angeles County, to be voted for at the primary election to be held on the 25th of August, 1936. The form for such declaration is specifically set forth in the Direct Primary Law. (Stats. 1933, pp. 358, 362, 363.) In said sworn declaration of candidacy, petitioner described his “occupation for the past three years” as follows: “Lawyer, practicing, and admitted to practice since 1927 in California”, and described his “present occupation” as “Lawyer”. The registrar refused to accept the said declaration of candidacy for filing and returned the filing fee. The document was, however, retained by the registrar of voters, who stated to petitioner that he would seek further legal advice as to whether he should file it. Several days later he notified petitioner that he had been authorized not to accept it for filing, but did not return the document to petitioner. On July 2, 1936, petitioner filed in this court a petition for a writ of mandate praying this court to issue a writ of mandate directed to the registrar of voters of Los Angeles County requiring said registrar to declare said petitioner a duly qualified and eligible candidate for judge of the superior court. Said petition was denied by this court on July 10, 1936. On July 15, 1936, petitioner filed in the Superior Court of the County of Los Angeles a verified petition for a writ of mandate seeking
 
 *215
 
 the same action by the superior court as had been sought by him in this court, and failing to show by affidavit, or otherwise, that he had theretofore made a similar application in this court. For such failure, petitioner in the Superior Court of Los Angeles County was found guilty of contempt in accordance with the provisions of section 1008 of the Code of Civil Procedure. Thereafter petitioner was served with an order to show cause why he should not be disciplined for professional misconduct by reason of the facts hereinabove set forth.
 

 In
 
 Townsend
 
 v.
 
 State Bar,
 
 4 Cal. (2d) 619 [51 Pac. (2d) 879], an almost identical situation arose. In that case the petitioner therein was charged with having filed, on two occasions, sworn declarations of candidacy for election to the superior court wherein he stated that he had been in active practice of the law during the preceding three years, when in fact he had been under suspension during a portion of that time. The local administrative committee found that said false statement was made with intent to deceive the registrar of voters, or persons entitled to inspect and rely upon the statement, and the board of bar governors recommended a suspension for- six months. In accordance with such recommendation, this court suspended the attorney for said period. Petitioner attempts to distinguish his case from the Townsend case by pointing out that in the Townsend case the attorney therein could not truthfully state that he had practiced law during the preceding three years inasmuch as he had appeared in court only
 
 in propria persona,
 
 whereas he, the petitioner herein, had during his period of suspension been representing a client in the federal court, and could truthfully aver that his occupation was that of a practicing lawyer. It may be admitted that, if the statement of petitioner with reference to his occupation be taken away from the context in which it was used, and entirely divorced from the purpose for which it was uttered and the result intended to be accomplished by its use, then the argument may seem plausible that the sworn statement was not a misstatement. But when said statement is considered in connection with the surrounding situation, and in conjunction with the fact that it was made in a sworn declaration of candidacy for nomination to the position of a judge of the superior court of this state, it is obvious that the statement was deceptive, dishonest, and un
 
 *216
 
 truthful, and was deliberately made with the intention of giving an impression which was not correct. Article VI, section 23, of the California Constitution provides that, “No person shall be eligible to the office of ... a judge of a superior court . . . unless he shall have been admitted to practice before the Supreme Court of the state for a period of at least five years immediately preceding his election or appointment to such office. ’ ’ It follows that no one is eligible to hold the office of superior judge who has not been an admitted practitioner before the Supreme Court of this state for a period of five consecutive years immediately preceding his election or appointment to such office. Certainly an attorney who has been suspended from the practice of law during this period cannot successfully claim to be eligible.
 
 (State
 
 v. Monfort, 93 Wash. 4 [L. R. A. 1917B, 801, 159 Pac. 889].) It is self-evident, we think, that said provision requires as a fundamental qualification for the office of superior judge, that the candidate for such position be qualified as an attorney actually entitled to practice in the state courts, and when petitioner in his sworn declaration of candidacy for such position made under oath the statement that his occupation was that of “lawyer” and his occupation for the three years immediately preceding was that of “lawyer, practicing, and admitted to practice since 1927”, there cannot be the slightest doubt that he intended thereby to convey the idea that he was in fact a lawyer legally entitled to practice
 
 in the state courts.
 
 These statements of petitioner, considered in their context as they necessarily must be, were false and were undoubtedly made with the intent to deceive. Clearly, the local administrative committee was justified in so finding.
 

 Some stress is laid by petitioner upon the fact that in the Townsend case, the attorney therein actually filed the declaration of candidacy containing the false statements, whereas in the instant proceeding petitioner was prevented from filing said declaration by the refusal of the registrar to accept said document for filing. Petitioner did everything which he possibly could do to bring about the filing of the document, even to the extent of seeking a writ of mandate from this court and from the Superior Court of Los Angeles County. The fact that petitioner was unable to accomplish his purpose of filing the document does not minimize in the
 
 *217
 
 slightest degree the moral turpitude involved in the making of the false statement under oath. Disciplinary proceedings are instituted, not to punish the attorney, but to protect the public, the courts, and the legal profession, and the fact that the attorney was prevented by some factor out. of his control from actually accomplishing a dishonest act, cannot constitute a defense in his behalf.
 

 It is not necessary to discuss the other arguments advanced by the petitioner, that this court has no jurisdiction of this proceeding, that the State Bar Act is unconstitutional, that each member of this court is disqualified because of his relation to The State Bar as “a member and stockholder”, that petitioner is entitled to a jury trial, and that the right to practice law is a valuable property right of which he may not be deprived without due process of law, for the reason that these same contentions were made in the former disciplinary proceeding wherein petitioner was suspended for three years, and were fully and adequately dealt with in the opinion in that case.
 
 (Johnson
 
 v.
 
 State Bar, supra.)
 

 The penalty of disbarment may seem unduly harsh in view of the nature of the charge made against petitioner, but having in mind that the petitioner has heretofore been suspended for three years on two separate charges, that he was found guilty of contempt with reference to matters involving the same subject-matter as the charge here made, together with the fact that petitioner seems to be utterly incapable of realizing that his conduct in the instant case is in the slightest degree blameworthy, we are of the opinion that the recommendation of the board of bar governors should be followed, and the petitioner disbarred from the practice of law in this state.
 

 It is ordered that petitioner be disbarred from the practice of law in all the courts of this state and that his name be stricken from the roll of attorneys, effective thirty days after this order becomes final.
 

 Waste, C. J., Langdon, J., Edmonds, J., Shenk, J., and Seawell, J., concurred.