[L.A. No. 30300. In Bank. May 31, 1974.]

ROBERT DONOVAN et al., Petitioners, v.
EDMUND G. BROWN, JR.,
as Secretary of State, etc., et al., Respondents.

## COUNSEL

Marguerite M. Buckley and Fred Okrand for Petitioners.

Evelle J. Younger, Attorney General, Iver E. Skjeie, Assistant Attorney General, Henry G. Ullerich, Deputy Attorney General, John H. Larson, County Counsel, and Edward G. Pozorski, Deputy County Counsel, for Respondents.

## OPINION

**THE COURT.**—Petitioners Robert Donovan, Elizabeth Elder, Bernard Klitzner, David Noble and James Stanbery, in an original proceeding before this court, seek a writ of mandate to compel respondents Edmund G. Brown, Jr., as Secretary of State, and Leonard Panish, Registrar-Recorder of the County of Los Angeles, to file their declarations as write-in candidates in the June 4, 1974, primary election pursuant to Elections Code sections 18601, 18602 and 18603 without requiring the payment of any fee or any proof of indigency.

Section 18603 of the Elections Code provides: "No name written upon a ballot in any state, county, city, city and county, or district election shall be counted for an office or nomination unless:

"(a) A declaration has been filed pursuant to Sections 18601 and 18602 declaring a write-in candidacy for that particular person for that particular office or nomination and

"(b) The fee required by Section 6555 is paid when the declaration of write-in candidacy is filed pursuant to Section 18602."

On May 1, 1974, this court issued an alternative writ of mandate and a conditional order directing respondents, pending final termination of this proceeding, to file petitioners' declarations as write-in candidates without requiring the payment of any fee or any proof of indigency but not

to count any votes cast for petitioners until and unless ordered by this court.

Petitioners urge that the United States Supreme Court in *Lubin* v. *Panish* (1974) 415 U.S. 709 [39 L.Ed.2d 702, 94 S.Ct. 1315] declared unconstitutional the California filing fee system embodied in Elections Code sections 6552, 6553 and 6555 for lack of reasonable alternative means of ballot access. Respondents in their return and answer to the alternative writ of mandate issued by this court contend that *Lubin, supra,* declared the filing fee requirements unconstitutional only as to indigents. They further contend that petitioners are not indigents and therefore not entitled to have their declarations filed nor votes cast for them counted unless they pay the requisite filing fees.

Under the compulsion of *Lubin* v. *Panish, supra,* 415 U.S. 709, and for the reasons to be further elucidated in *Knoll* v. *Davidson* (1974) 12 Cal.3d 335 [116 Cal.Rptr. 97, 525 P.2d 1273], we have concluded that the California filing fee system set forth in sections 6551, 6552, 6553, 6554 and 6555 of the Elections Code and made a prerequisite by section 18603 of said code for the filing of the declaration of write-in candidacy and by section 18603 of said code for the counting of ballots violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and is in all respects null and void.

Respondents are hereby directed to count all write-in votes cast for petitioners in the June 4, 1974, primary election for the office, for which they had filed declarations of write-in candidacy. This order is final forthwith.