JONES, Judge,
dissenting.
I respectfully dissent.
*931 This Court basically holds that the appellant is not presently admitted to the practice of law because he has been suspended and is not eligible to practice law. Assuming arguendo that the Court is correct; I respectfully submit that Article Y, Section 24 of the Louisiana Constitution of 1974 contains no language which would expressly require that a candidate for judge be presently admitted to the practice of law. Therefore, the fact that he is presently suspended would not negate the fact that he has in fact been admitted to the practice of law for over five years. La. Const. Art. V, sec. 24, provides as follows:
“A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been admitted to the practice of law in this state for at least five years prior to his election, and shall have been domiciled in the respective district, circuit, or parish for the two years preceding election. He shall not practice law.” (emphasis added)
This court and the trial court, relying upon Gamble v. White, 566 So.2d 171 (La. App. 2 Cir.1966) held that this constitutional provision mandates that a candidate for judge be admitted to practice in this state at the time immediately prior to his election. In reaching its conclusion, the Second Circuit Court of Appeal took notice of the results that occurred in a California case, Johnson v. State Bar of California, 73 P.2d 1191, 10 Cal.2d 212 (1937).
I believe that Johnson is distinguishable and would decline to follow the line of reasoning advanced by the California court. First, it should be noted that the language in the California Constitution differed from the language in Article Y Section 24 of the Louisiana Constitution of 1974. Article 6, section 23 of the California Constitution provided that: “... no person shall be eligible to the office of ... a judge of a superi- or court ... unless he shall have been admitted to practice before the Supreme Court of the State for a period of at least five years immediately preceding his election or appointment to such office.” The California Court correctly interpreted this section as requiring admission for a period of five years immediately preceding the election. However, Article V, Section 24 of the Louisiana Constitution does not contain any express language which would require that a candidate for judge must have practiced law during the five year period immediately preceding his election. The article only requires that a judge be admitted to the practice of law for at least five years prior to his election. The article does not state that the five years admission status must be for five consecutive years. Nor does it state that the admission must be for that period of time immediately preceding the election. For these reasons, I believe that Gamble, supra, was wrongfully decided.
Additionally I would like to address the merits of the appellee’s argument that we should consider the reasoning of the New Mexico Court in Hannett v. Jones, 104 N.M. 392, 722 P.2d 643 (1986). In Han-nett, the court interpreted the following language which was found in Article VI, Section 28 of the New Mexico Constitution:
“No person shall be qualified to hold the office of justice of the supreme court unless he be at least thirty years old, learned in the law, and shall have been in the actual practice of law and resided in this state or the territory of New Mexico, for at least three years.... ”
The New Mexico Court concluded that this provision required that a candidate have three years of actual practice immediately preceding the election. However, in construing language very similar to that of the New Mexico Article, the court in Riddle v. Roy, 126 So.2d 448 (La.App. 3rd Cir.1960) reached a different result. One of the allegations made by the challenger in that case was that a candidate for district attorney did not meet the requirements provided for in Article 7 Section 59 of the Louisiana Constitution of 1921 because he had been in the army for approximately one year and nine months out of the four years and four to five months since his admission to the bar. Thus, the challenger argued that the candidate did not have the three years of practice needed to qualify for the position of district attorney. *932 Article 7, Section 59 provided in part that the candidate for district attorney “shall have practiced law in the State for at least three years.” The article was silent as to whether the three year period had to immediately precede the election. The court noted, in dicta, that the provisions of Art. 7, Section 59 of the Louisiana Constitution of 1921 did not require that a person practice law continuously in the State in order to meet the three year requirement in question. The different results reached in these two decisions underscores the importance of each state court looking at the wording of its constitution and giving credence to the intention of its redactors.
I would hesitate to substitute my judgment for that of the redactors to supply an added requirement, particularly in view of the fact that earlier editions of our state constitutions specifically included limiting terminology which was omitted in the current constitution. See Article 7, Section 22 of the Louisiana Constitution of 1921 wherein the redactors stated:
“The judges of the courts of appeal shall be citizens of the United States and qualified electors of the state, licensed to practice law in the state for at least six years immediately preceding their election ...” (emphasis added)
Additionally, I note that in the latter part of Article V, Section 24, the redactors expressly state that the candidate shall have been domiciled in the circuit “for the two years preceding election”. This language is clear and unambiguous. It specifically says that the two years needed to meet the domicile requirement must be those two years preceding the election. If the redactors of the 1974 Constitution had wanted to require that candidates for judgeships be admitted to practice for the two years immediately preceding the election, they would have used this same or similar terminology. Similarly, I also note the limitation placed on candidates for Attorney General in La. Const.Art. 4, Sec. 2. In that provision the redactors specifically state that the candidate for the office of attorney general “shall have been admitted to the practice of law in the state for at least the five years preceding his election.” Again, the limitation is clearly spelled out.
The qualifications set forth for judicial candidates in Article 5, Section 24 are exclusive and neither the courts or the legislature can add additional requirements. Williams v. Ragland, 567 So.2d 63, 68 (La.1990), Hargrave, “The Judicial Article”, 37 La.L.Rev. 765, 818 (1977). Since the redactors failed to place this same limitation in Art. V Sec. 24, we decline to make such a restrictive interpretation. Rather, I would adhere to that well-established practice of interpreting laws governing the conduct of elections liberally “so as to promote rather than defeat candidacy.” Dixon v. Hughes, 587 So.2d 679 (La.1991), Slocum v. Dewitt, 374 So.2d 755, 758 (La.App. 3rd Cir.1979), writ denied, 375 So.2d 1182 (La.1979). As pointed out by the Slocum court:
“... any doubt should be resolved in favor of permitting a candidate to run for public office. After all, he still has to face the voters who will, and should, exercise the final judgment on his candidacy.” Id.
In election contests, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. Dixon, supra; Slocum, supra. It is not disputed that the appellant was admitted to the practice of law in 1965 and practiced law until 1983, except for the period from 1969 through 1973 during which time he served as Mayor of Alexandria. Therefore, he clearly had been admitted to practice law for more than five years at the time that he qualified. The fact that he was suspended from the practice of law at the time that he sought to qualify as a candidate is irrelevant.
For these reasons, I dissent from the opinion of this court and would reverse the trial court.