Filed 1/28/14  Williams v. Cavers CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| AVIS WILLIAMS, | H038446 |
| Respondent, | (Santa Cruz County Super. Ct. No. PA004885) |
| v. | |
| BRYANT CAVERS, | |
| Appellant. | |

Bryant L. Cavers (Father) appeals from a May 2012 order awarding physical custody of his child to her mother, Avis L. Williams (Mother).  Because the child turned 18 in February 2013, the order Father challenges is moot.  We will therefore dismiss the appeal.

## I.  TRIAL COURT AND WRIT PROCEEDINGS

In January 2012, Mother petitioned the court for custody of her then 17-year-old daughter who had been living with Father since 2006.  Father opposed the custody change, and the parties were unsuccessful at mediating a custody plan for their child.  The mediator met with the parents and the child, and he received detailed voice messages from the child's therapist in response to inquiries concerning emotional stability, on-going treatment, and medication.  The mediator prepared a recommendation for the court pursuant to Family Code section 3183, subdivision (a) and California Rules of Court, rule 210(e)(8)(A).  He recommended that a change of residence from Father's Oakland home to Mother's Santa Cruz home occur at the end of the 2011-2012 school year.  The Court

e-mailed the mediator's recommendation to the parties on April 6 in preparation for an April 9 hearing. At the hearing, Father objected to receiving the recommendation only three days before the hearing.[1] He also objected because the mediator had not spoken directly with the child's therapist. Father further informed the court that the child was seeing a psychotherapist and taking psychotropic medication, and he asked the court to take judicial notice of an April 2008 letter containing a therapist's treatment summary. The court continued the matter to May 2 to allow the mediator to contact the child's therapist and augment his recommendation.

On April 12 Father submitted a "letter brief" to the trial court objecting to the mediator's recommendation and pressing why the child should remain with him. At the May 2 hearing, the court adopted the mediator's unchanged recommendation and modified custody accordingly. On May 9 Father wrote to the court objecting again to the mediator's recommendation, and on June 13 he filed an ex parte motion for reconsideration. That same day the court denied Father's motion without prejudice to refiling the request as a regularly noticed motion using Judicial Council forms. The court also filed its Findings and Order After Hearing (from May 2) adopting the mediator's recommendation in full. On June 14 Father, in pro per, filed a notice of appeal.

In August 2012 and February 2013 this court denied Father's petitions for emergency stays and writs of supersedeas. Father filed an opening brief in January 2013 challenging the trial court's custody modification order, and in November 2013 he responded to this court's request for supplemental briefing on whether the appeal is moot. Mother has not participated in the appeal.

---

[1] California Rules of Court, rule 5.210(e)(8)(A) requires a mediation to conclude with either "a written parenting plan summarizing the parties' agreement" or a "recommendation that is given to counsel or the parties before the recommendation is presented to the court."

## II. MOOTNESS

An appeal is moot when, during its pendency and without any fault of the party who prevailed in the trial court, an event occurs which renders it impossible for the court to grant relief to the appellant. (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 132.) This happened here on February 24, 2013, when the parties' daughter-the subject of the trial court's 2012 custody order-reached her 18th birthday. (Fam. Code, §§ 3022 [authorizing trial court to "make an order for the custody of a child during minority"], 3402, subd. (b) [defining child as person under 18 years old], 6500 [defining minor as same].)

Father contends that his appeal is not moot under the "continuing public interest" exception to the mootness rule. Under that exception, the resolution of an appeal on its merits is appropriate where the appeal presents a question of continuing public interest that is likely to recur. (*John A. v. San Bernadino City Unified School Dist.* (1982) 33 Cal.3d 301, 307.) In *John A.*, the Supreme Court applied the exception to the process due a student facing expulsion from a public school. (*Ibid.*) In the other cases cited by Father, courts have found a continuing public interest regarding the application of antitrust laws to a local board of realtors multiple listing service practice (*Marin County Bd. of Realtors, Inc. v. Palsson* (1976) 16 Cal.3d 920, 923-924, 929), the constitutionality of a municipal code requirement for candidates to be placed on an election ballot (*Green v. Layton* (1975) 14 Cal.3d 922, 924-925), and the constitutionality of a statute regulating public solicitation of funds on behalf of blind persons (*Eye Dog Foundation v. State Bd. of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 542).

In supplemental briefing invited by this court, Father identifies the following claims of trial court abuse as questions of "continuing public interest" that "will recur in a family court setting":

(1) Serving a mediator's recommendation three days before a hearing, contrary to Family Code section 3111's 10-day notice requirement;

(2)  Adopting a mediator's recommendation that did not comply with California Rules of Court, rules 5.220(e)(2)(C)(iv)-(v);

(3)  Adopting the recommendation of a mediator who did not "assess the needs and interests of the child" under Family Code section 3180, subdivision (a); and

(4)  Foregoing the "change in circumstances" standard in granting a change in custody.

We do not consider these questions to rise to the level of continuing public interest.  Father does not challenge the constitutionality of any law, nor does he demonstrate how any segment of the public will be affected by resolution of the issues presented above.  This is particularly true in light of Father's misconception that Family Code section 3111 and California Rules of Court, rule 5.220 somehow apply to this case.  They do not.  Those provisions apply to child custody evaluations, not to a mediator's custody recommendation.  (Compare Fam. Code, § 3111 [child custody evaluation] with § 3183 [mediator recommendation].)  This appeal implicates only the discretion of the trial court in modifying the physical custody of an individual child for a short period of time-the nine remaining months of her minority, now passed.

In his supplemental briefing, Father asks that he be refunded his appellate filing fees in the event his appeal is determined to be moot.  We are not aware of any provision for a refund on that basis, and we deny the request.  (Cal. Rules of Court, rules 8.25(c), 8.26.)

## III.  DISPOSITION

The appeal is dismissed as moot.

_____

Grover, J.

**WE CONCUR:**


_____

Bamattre-Manoukian, Acting P.J.


_____

Márquez, J.